Michael D. Kuznetsky, Esq., California State Bar No. 241045
mike@kuzlaw.com
KUZNETSKY LAW GROUP, P.C.
6565 Sunset Boulevard, Suite 311
Hollywood, CA  90028
Ph: (818) 753-2450, Fax: (818) 736-9099

Gene J. Brockland, Missouri State Bar No. 32770, To be admitted *Pro Hac Vice*
gjb@herzogcrebs.com
HERZOG CREBS LLP
100 North Broadway, 14th Floor
St. Louis, MO 63102
Telephone:    (314) 231-6700
Facsimile:    (314) 231-4656

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>               Plaintiff,<br><br>   v.<br><br>IGOR OLENICOFF and OLEN PROPERTIES CORP. and DOES 1 through 10, inclusive,<br><br>               Defendants, | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff DONALD WAKEFIELD for his Complaint against IGOR OLENICOFF, OLEN PROPERTIES CORP., and DOES 1 through 10, inclusive, (collectively "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action involving claims of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*  The Court has jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants IGOR OLENICOFF and OLEN PROPERTIES CORP. based on their significant contacts in the Central District of California and elsewhere in the United States arising from, among other things, their infringement in the Central District of California of copyright rights protected by United States and California law, and their other continuous and systemic contacts within the Central District of California.

3. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a).

## THE PARTIES

4. Plaintiff DONALD WAKEFIELD (hereafter "Plaintiff" or "WAKEFIELD") is an individual and a citizen of Detroit, Michigan.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant IGOR OLENICOFF (hereafter "OLENICOFF") is an individual and citizen of California residing within the County of Orange, California.

6. Defendant OLEN PROPERTIES CORP. (hereafter "OLEN PROPERTIES") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business within Newport Beach, California. OLEN PROPERTIES is registered and/or qualified to do business in the State of California and has an agent for service of process in Newport Beach, California.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10 inclusive, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names. Plaintiff will amend this Complaint to include their proper names and capacities when they have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and damage resulting therefrom.

8. Plaintiff alleges on information and belief that each of the defendants named herein as DOES 1 through 10 inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged herein below, and are liable to Plaintiff for the damages and relief sought herein.

9. Plaintiff alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

**FACTUAL ALLEGATIONS**

10. This is an action arising under the Copyright Act, 17 U.S.C. §101 *et seq.*, for knowing and intentional infringement of Plaintiff's copyrighted works – namely, an unauthorized copy of Plaintiff's *Untitled* sculpture.

11. At all times mentioned herein, OLENICOFF was and is a billionaire real estate developer.

12. OLENICOFF is the President of OLEN PROPERTIES. Plaintiff is informed and believes, and thereon alleges, that OLENICOFF is the sole owner of OLEN PROPERTIES.

13. OLEN PROPERTIES owns approximately 11,000 residential units and 6.25 million square feet of commercial space in California, Nevada, Florida and Chicago.

14. At all times mentioned herein, WAKEFIELD was and is a contemporary American sculptor. WAKEFIELD has been creating large-scale stone and metal sculptures since the early 1980s. Each large-scale sculpture he creates is a one-of-a-kind piece. WAKEFIELD does not produce multiple editions of any of his sculptures. Typically, the preparation of one of his large-scale sculptures takes at least six months of effort. WAKEFIELD has produced approximately 20 to 30 large-scale Sculptures over the past 30 years.

15. In 1992, WAKEFIELD and an artist named Joseph Glickman (collectively the "Artists") collaborated in creating a large-scale granite sculpture named "Untitled" (hereafter "*Untitled*" or the "Sculpture"). True and correct photographs of the creation of *Untitled* and finished *Untitled* sculpture are attached hereto as Exhibits A, B, and C.

16. WAKEFIELD and Glickman entered into a Joint Copyright Ownership Agreement dated September 18, 2012, in which WAKEFIELD was assigned the exclusive litigation rights in and to *Untitled*. A true and correct copy of this agreement is attached hereto as Exhibit D.

17. In or about 2004, WAKEFIELD sent e-mails to various real estate developers in Southern California, including OLEN PROPERTIES. In those e-mails, WAKEFIELD provided information concerning his large-scale Sculptures. He also provided a link to his website, www.wakefieldstudios.com. WAKEFIELD's website contained photographs of all of WAKEFIELD's large-scale Sculptures, including *Untitled*.

18. On or about April 2008, WAKEFIELD discovered a copy of *Untitled* at an OLEN PROPERTIES property in Newport Beach, California (hereinafter the "First Copy"). At the time of discovery, WAKEFIELD believed that he was looking at the original *Untitled*, and believed that it had been relocated from its original location in Chicago to Newport Beach.

19. After the discovery of the First Copy, WAKEFIELD discovered six additional copies at other OLEN PROPERTIES' locations in Southern California.

20. Following his discovery of the six additional copies, WAKEFIELD sued OLENICOFF and OLEN PROPERTIES for copyright infringement, contributory copyright infringement, and vicarious copyright infringement related to these seven unauthorized copies, U.S. District Court Case No. SACV12-2077 AG (RNBx) (the "Initial Lawsuit").

21. WAKEFIELD undertook discovery in the Initial Lawsuit to try to determine the extent of the Defendants' copyright infringement. To that end, WAKEFIELD submitted written interrogatories to OLENICOFF and OLEN PROPERTIES CORP. which included the following:

- "State how many copies of the Untitled Copies were acquired by Olenicoff."
- "State how many copies of the Untitled Copies were purchased by OLEN."
- "Identify each and every location where OLEN has a copy of the Untitled Copies."

This substantive line of questioning was also pursued in the depositions of both IGOR OLENICOFF and OLEN PROPERTIES CORP. in the initial lawsuit.

22. During said discovery in the Initial Lawsuit, Defendants revealed only seven copies of Plaintiff's copyrighted work *Untitled* at three separate office parks in Orange County, California. Such discovery responses were made by Defendants while under penalty of perjury in both written responses and deposition testimony, yet were completely false. This Court ruled in the Initial Lawsuit that, in essence, that WAKEFIELD was justified in relying upon the

Defendants' arguably perjured responses for his investigation of the extent of Defendants' infringements.

23. In September 2014, WAKEFILED went to trial on the Initial Lawsuit in which and obtained a jury award of $450,000 in monetary damages. That jury award was later upheld by the Ninth Circuit Court of Appeals. However, after the Trial, WAKEFIELD discovered another copy of *Untitled* at an OLEN PROPERTIES property known as Two Venture Plaza in Irvine, California (hereinafter the "Last Copy").

24. Prior to WAKEFIELD'S discovery of the Last Copy after the trial of Initial Lawsuit, the existence of the Last Copy had never been disclosed to WAKEFIELD by Defendants. At no point in any of the Defendants' *verified* discovery responses or deposition responses *under penalty perjury* did they identify the Last Copy or that any copy existed at Two Venture Plaza in Irvine, California.

25. Defendants have publicly displayed their infringing Last Copy in front of their commercial building without Plaintiff's authorization.

26. At no point did WAKEFIELD nor Joseph Glickman authorize the Defendants' manufacture, replication or public display of *Untitled*.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (By Plaintiff Against All Defendants and DOES 1 through 10)

27. Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

28. The *Untitled* sculpture contains a substantial amount of wholly original expression and is copyrightable subject matter under the laws of the United States.

29. The Artists are the sole proprietors of all right, title and interest to the Sculpture. The Artists have registered a copyright for the Sculpture in the United States Copyright Office. A true and correct copy of the copyright registration for the Sculpture is attached hereto as Exhibit E.

30. Defendants have infringed and will continue to infringe the Artists' exclusive rights in and to the Sculpture by (1) manufacturing and reproducing at least one copy of *Untitled* and (2) publicly displaying *Untitled* in front of Defendants' commercial building(s). Each of these actions was performed by Defendants without the Artists' authorization.

31. Defendants, and each of them, have knowingly and willfully copied, reproduced and publicly displayed copies of the Sculpture in locations owned by Defendants, and are otherwise infringing upon the Artists' exclusive rights in the Sculpture for the specific purpose of infringing the Artists' rights in and to the copyrights in the Sculpture for Defendants' own benefit and pecuniary interest and to the detriment of the Artists. By copying, reproducing and publicly displaying copies of the Sculpture, Defendants have infringed the Artists' exclusive rights in and to the copyrights in the Sculpture. Both Defendants were found guilty of copyright infringement by a jury for each and every copy of *Untitled* that went to trial in the Initial Lawsuit, and this determination should be held to apply to the Last Copy under *res judicata* and/or *collateral estoppel*.

32. Pursuant to 17 U.S.C. §504, Plaintiff seeks to recover actual damages suffered by the Artists as the result of Defendants' infringement.

33. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Artists great and irreparable injury. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing the Artists' copyright and ordering that each Defendant destroy or turn over to Plaintiff all copies of the Sculpture made in violation of the Artists' exclusive rights to the copyright.

///

///

///

## SECOND CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (By Plaintiff Against All Defendants and DOES 1 through 10)

34. Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

35. Plaintiff is informed and believes, and upon that basis alleges, that each defendant, with knowledge of the infringing activities of third parties and other of the Defendants, as well as with the ability to control same and the intent to themselves benefit, either directly or indirectly has infringed and threatens to further infringe the copyright in the Sculpture by the acts alleged herein and by participating in or otherwise knowingly contributing to the unauthorized manufacture, reproduction and public display of copies of the Sculpture within this judicial district and elsewhere, and each Defendant has induced, caused and materially contributed to, and continues to induce, cause and materially contribute to, the infringing conduct by such third parties and other defendants. Both Defendants were found guilty of contributory copyright infringement by a jury for each and every copy of *Untitled* that went to trial in the Initial Lawsuit, and this determination should be held to apply to the Last Copy under *res judicata* and/or *collateral estoppel*.

36. The participation in or otherwise knowing contribution by Defendants to the unauthorized reproduction and public display of copies of the Sculpture is in violation of 17 U.S.C. §§106(1) and 106(3).

32. Defendants' reproduction and public display of the Sculpture is without any permission, license or authorization from the Artists.

37. Plaintiff has no adequate remedy at law and has suffered, and is continuing to suffer irreparable harm and damage as a result of the aforesaid acts of contributory copyright infringement. Defendants are each liable in amounts within the jurisdiction of this Court.

38. Plaintiff is informed and believes and upon that basis alleges, that the aforesaid contributory copyright infringement by Defendants of the Sculpture was and continues to be with the knowledge that the Sculpture are copyrighted, and that Defendants, and each of them, in doing

the acts complained of herein, have willfully infringed the Artists' rights under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq.*

39. Defendants have each obtained gains, profits and advantages as a result of their respective wrongful acts in amounts within the jurisdiction of this Court.

40. Plaintiff has suffered, and continues to suffer, direct and actual damages as a result of Defendants' wrongful conduct as alleged herein, in amounts within the jurisdiction of this Court.

41. The foregoing acts of contributory infringement have been willful, intentional and in disregard of and with indifference to the rights of the Artists.

42. As a result of each Defendant's contributory infringement of the Artists' exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

43. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Artists great and irreparable injury. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing the Artists' copyright and ordering that each Defendant destroy or turn over to Plaintiff all copies of the Sculpture made in violation of Plaintiff's exclusive rights to the copyright.

## THIRD CAUSE OF ACTION

### VICARIOUS COPYRIGHT INFRINGEMENT

**(By Plaintiff Against All Defendants and DOES 1 through 10)**

44. Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

45. At all times relevant herein, Defendants had the right and ability to supervise and/or control the infringing conduct of the manufacturers of the unauthorized copies of the Sculpture, without limitation, by requesting that the manufacturer make the unauthorized copies and supplying the manufacturer with detailed drawings and photographs for the manufacturer to copy. Further, Defendants had the right to supervise and/or control the infringing conduct of those who placed the unauthorized copies of the Sculpture in front of their buildings. As a direct and proximate result, Defendants have infringed the Artists' copyrights in the Sculpture as set forth

above. Both Defendants were found guilty of vicarious copyright infringement by a jury for each and every copy of *Untitled* that went to trial in the Initial Lawsuit, and this determination should be held to apply to the Last Copy under *res judicata* and/or *collateral estoppel*.

46. At all times relevant herein, Defendants derived substantial financial benefit from infringements of Plaintiff's copyrights in that, among other things, Defendants did not pay the Artists the customary price for the purchase of their Sculpture. Further, the public display of the infringing Sculpture makes Defendants' properties more attractive to potential tenants.

47. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifference to the rights of the Artists.

48. Defendants' conduct, as alleged herein, constitutes vicarious infringement of the Artists' copyrights and exclusive rights under copyright, in violation of the Copyright Act, 17 U.S.C. §§106, 115, and 501.

49. As a direct and proximate result of Defendants' vicarious infringement of the Artists' copyrights and exclusive rights under copyright, Plaintiff is entitled to actual damages pursuant to 17 U.S.C. §504(b) for each infringement.

50. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Artists great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing the Artists' copyright and ordering that each Defendant destroy or turn over to Plaintiff all copies of the Sculpture made in violation of the Artists' exclusive rights to the copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DONALD WAKEFIELD prays for judgment against Defendants, and each of them, as follows:

1. For actual damages resulting from Defendants' copyright infringement pursuant to 17 U.S.C. § 504.

2. For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the *Untitled* sculpture,

and any sculpture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Sculpture"), except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of Plaintiff's Sculpture that Defendant has at any of its locations without Plaintiff's authorization, or alternatively each Defendant shall deliver possession of such copies to Plaintiff, and shall be enjoined from otherwise selling, distributing, giving, or otherwise disposing of any unauthorized copies of Plaintiff's Sculpture.

3. For interest provided by law.

4. For such other and further relief against Defendants as the Court may deem just and proper.

DATED: July 5, 2017          By:      /s/ Michael D. Kuznetsky
                                      Michael D. Kuznetsky
                                      Kuznetsky Law Group
                                      6565 Sunset Boulevard, Suite 311
                                      Hollywood, CA  90028
                                      mike@kuzlaw.com
                                      Telephone (818) 753-2450

                                      Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Fed.R.Civ.P. 38(b) and L.R. 38-1.

DATED: July 5, 2017          By:      /s/ Michael D. Kuznetsky
                                      Michael D. Kuznetsky
                                      Kuznetsky Law Group
                                      6565 Sunset Boulevard, Suite 311
                                      Hollywood, CA  90028
                                      mike@kuzlaw.com
                                      Telephone (818) 753-2450

                                      Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF