William L. Buus (Bar No. 180059)
SCHIFFER & BUUS APC
959 South Coast Dr., Suite 385
Costa Mesa, California 92626
Telephone: (949)825-6140
Email: wbuus@schifferbuus.com

Julie A. Ault, Esq. (Bar No. 186914)
Leslie Vandale, Esq. (Bar No. 238823)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.:   (949) 719-7212
Fax:   (949) 719-7210
Email: jault@olenproperties.com

Attorneys for Defendants.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP., and Does 1 through 10 inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:17-cv-01147- AG (DFMx)<br>*consol. with*: 8:17-cv-2077-AG (RNBx)<br><br>**DEFENDANTS' AMENDED ANSWER TO COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Complaint Filed: July 05, 2017<br>Trial Date:　　April 24, 2018 |

Defendants Igor Olenicoff and Olen Properties Corp. ("Defendants") hereby answer the numbered paragraphs of Plaintiff Donald Wakefield's ("Plaintiff") Complaint as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

1. Defendants admit the allegations contained in paragraph 1.

2. Defendants admit that this Court has personal jurisdiction over Defendants IGOR OLENICOFF and OLEN PROPERTIES CORP. The remainder of Paragraph 2 of the Complaint contains Plaintiff's contentions of law and not allegations of fact for which an answer is required, and on that basis, Defendants deny the remaining allegations contained in paragraph 2.

3. Defendants admit that allegations contained in paragraph 3.

## THE PARTIES

4. Defendants lack sufficient information to form a belief as to the allegations contained in paragraph 4, and on that basis deny such allegations.

5. Defendants admit that Defendant Igor Olenicoff is an individual. Defendants deny the remainder of the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Paragraph 7 of the Complaint does not contain any allegations of fact for which an answer is required.

8. Defendants lack sufficient information to form a belief as to the allegations contained in paragraph 8, and on that basis deny such allegations.

9. Defendants lack sufficient information to form a belief as to the allegations contained in paragraph 9, and on that basis deny such allegations.

## FACTUAL ALLEGATIONS

10. Paragraph 10 contains Plaintiff's characterization of his action and not allegations of fact for which an answer is necessary. To the extent an answer is required, Defendants deny the allegations in paragraph 10.

11. Defendants admit that Igor Olenicoff is a real estate developer. Defendants deny the remaining allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants admit that Olen Properties Corp. has an interest in various commercial and residential properties. Defendants deny the specificity of the remaining allegations contained in paragraph 13.

14. Defendants lack sufficient information to form a belief as to the allegations contained in paragraph 14, and on that basis deny such allegations.

15. Defendants lack sufficient information to form a belief as to the allegations contained in paragraph 15, and on that basis deny such allegations.

16. Defendants admit that Exhibit D is a Joint Copyright Ownership Agreement between Joseph Glickman and Don Wakefield but lack sufficient information to form a belief as to the remainder of the allegations contained in paragraph 16, and on that basis deny such allegations.

17. Defendants lack sufficient information to form a belief as to the allegations contained in paragraph 17, and on that basis deny such allegations.

18. Defendants lack sufficient information to form a belief as to the allegations contained in paragraph 18, and on that basis deny such allegations.

19. Defendants admit the allegations contained in Paragraph 19.

20. Defendants admit that WAKEFIELD named them in a lawsuit for copyright infringement, contributory copyright infringement, and vicarious copyright infringement related to certain sculptures in 2012 and that the U.S. District Court case number is SACV12-2077 AG (RNBx). Defendants lack sufficient information to form a belief as to the remainder of the allegations contained in paragraph 20, and on that basis deny such allegations.

21. As to the allegations, "to try to determine the extent of the Defendants' copyright infringement," and "To that end" of Paragraph 21, Defendants lack sufficient

information to form a belief, and on that basis, deny such allegations. Defendants admit the remainder of allegations contained in paragraph 21.

22. Defendants admit that Defendants' written discovery responses and deposition responses made under penalty of perjury in the 2012 lawsuit revealed a total of seven sculptures located at three separate office parks in Orange County, California. The remainder of the allegations in Paragraph 22 is Plaintiff's contentions and paraphrasing of prior court rulings and not allegations of fact for which an answer is required, and on that basis, Defendants deny the remaining allegations contained in paragraph 22.

23. Defendants admit that in 2014, the 2012 WAKEFIELD lawsuit went to trial in which the jury awarded WAKEFIELD $450,000.00 in monetary damages and that the jury award was upheld by the Ninth Circuit Court of Appeals. With regard to the remainder of the allegations, Defendants lack sufficient information to form a belief as to the allegations contained in paragraph 23, and on that basis deny such allegations.

24. Defendants admit the allegations contained in paragraph 24.

25. Defendants admit that the sculpture Plaintiff refers to as "Last Copy" was publicly displayed at a commercial property located at 2 Venture in Irvine, CA but was removed in July 2017. Defendants admit they did not seek authorization from Wakefield.

26. Defendants admit that neither Wakefield nor Joseph Glickman authorized the public display of the sculpture referred to as *Untitled*. Defendants deny they manufactured or replicated *Untitled*.

## FIRST CAUSE OF ACTION

27. Defendants incorporate their answers to paragraphs 1 through 26, as if fully set forth herein.

28. Defendants admit the allegations contained in paragraph 28.

29. Defendants admit that Exhibit E is a copy of a copyright registration by Don Edward Wakefield. Defendants lack sufficient information to form a belief as to the

remainder of the allegations contained in paragraph 29, and on that basis deny such allegations.

30. Defendants admit they publicly displayed the sculpture referred to as *Untitled* at 2 Venture in Irvine, CA and that Defendants did not seek Plaintiff's authorization to do so, as the piece was purchased from another artist claiming authorship. Defendants deny they manufactured or reproduced any sculpture.

31. Defendants admit they publicly displayed what is referred to as "the Sculpture" at 2 Venture in Irvine, CA, a property owned by Olen Properties Corp. but was removed in July 2017. Defendants admit they were found liable for infringing Plaintiff's copyright in a sculpture registered as "Untitled" by a jury in what is referred to as "the Initial Lawsuit." Defendants deny they copied or reproduced any sculpture and deny the remainder of the allegations in paragraph 31 of the Complaint, as they contain Plaintiff's own characterization or contentions of law.

32. Paragraph 32 contains Plaintiff's claim for purported damages and does not contain allegations of fact for which an answer is required, but to the extent an answer is required, Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

## SECOND CAUSE OF ACTION

34. Defendants incorporate their answers to paragraphs 1 through 33, as if fully set forth herein.

35. Defendants admit they were found liable for contributory infringement of Plaintiff's copyright in a sculpture registered as "Untitled" by a jury in what is referred to as "the Initial Lawsuit." Defendants deny the remainder of the allegations in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains Plaintiff's contentions of law and not allegations of fact for which an answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 36 of the Complaint.

32. [sic] This paragraph is erroneously labeled as paragraph 32. Defendants admit their public display of the Sculpture at 2 Venture was without permission or authorization from the Artists, as Defendants purchased the piece from another artist claiming authorship. Defendants deny reproduction of the Sculpture.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

## THIRD CAUSE OF ACTION

44. Defendants incorporate their answers to paragraphs 1 through 43, as if fully set forth herein.

45. Defendants admit they were found liable for vicarious infringement of Plaintiff's copyright in a sculpture registered as "Untitled" by a jury in what is referred to as "the Initial Lawsuit." Defendants deny the remainder of the allegations in paragraph 45 of the Complaint.

46. Defendants admit they did not pay "the Artists" for the purchase of "the Sculpture." Defendants deny the remainder of allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains Plaintiff's contentions of law and not allegations of fact for which an answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains Plaintiff's contentions of law and not allegations of fact for which an answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains Plaintiff's contentions of law and not allegations of fact for which an answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief or judgment whatsoever, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

As affirmative defenses to Plaintiff's Complaint, and based on the knowledge and information available to them to date, Defendants are informed and believe and based thereon allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each purported cause of action contained therein, fails to state a claim or cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. The Complaint, and each purported cause of action contained therein, is barred in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

3. The Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches because Plaintiff inexcusably and unreasonably delayed the commencement of this action to the prejudice of Defendants.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

4. Plaintiff is not entitled to relief because Defendants, at all times, acted reasonably and in good faith.

## FIFTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

5. The Complaint, and each purported cause of action contained therein, is barred on the grounds that at all times, Defendants acted in good faith with non-willful intent.

## SIXTH AFFIRMATIVE DEFENSE
### (No Infringement)

6. The Complaint, and each purported cause of action contained therein, is barred on the grounds that Defendants did not infringe Plaintiff's copyright because there was no public display as to the sculpture located at 7 Corporate Plaza in Newport Beach.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

7. The Complaint, and each purported cause of action contained therein, is barred by Plaintiff's acquiescence to Defendants' use.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

8. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE
### (Right to Add Additional Affirmative Defenses)

9. Defendants reserve the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

WHEREFORE, Defendants pray that the Court:

1. Dismiss the Complaint with prejudice and enter judgment in favor of Defendants;

2. Award Defendants their costs, including reasonable attorney's fees;

3. Order such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants Olen Properties Corp. and Igor Olenicoff hereby demand a jury trial.

Dated: November 28, 2017

>  */s/ Leslie F. Vandale*
> JULIE A. AULT
> LESLIE F. VANDALE
> Attorneys for Defendants Igor Olenicoff &
> Olen Properties Corp.

# CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT-CENTRAL DISTRICT OF CALIFORNIA**

**CASE NAME:** Donald Wakefield v. Igor Olenicoff, Olen Properties Corp., and Does 1-10

**CASE NUMBER:** SACV17-01147 AG (RNBx)

I am employed in Orange County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 7 Corporate Plaza, Newport Beach, California 92660

On November 28, 2017, I served in the manner indicated below, the foregoing document(s) described as **DEFENDANTS' AMENDED ANSWER TO COMPLAINT** on the interested parties in this action as follows:

| Mr. Michael D. Kuznetsky<br>KUZNETSKY LAW GROUP, P.C.<br>6565 Sunset Boulevard, Suite 311<br>Hollywood. CA 90028<br>mike@kuzlaw.com | Mr. Gene J. Brockland<br>HERZOG CREBS LLP<br>100 North Broadway, Suite 1400<br>St. Louis, MO 63102<br>gjb@herzogcrebs.com |
|---|---|

(x)   **BY NOTICE OF ELECTRONIC FILING**: The above listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

(x)   **FEDERAL**: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 28, 2017, at Newport Beach, California.

/Leslie F. Vandale/
--------------------------------------
Leslie F. Vandale