Michael D. Kuznetsky, Esq., California State Bar No. 241045
mike@kuzlaw.com
KUZNETSKY LAW GROUP, P.C.
6565 Sunset Boulevard, Suite 311
Hollywood, CA 90028
(818) 753-2450, Fax: (818) 736-9099

Gene J. Brockland, Missouri State Bar No. 32270, *pro hac vice*
gjb@herzogcrebs.com
HERZOG CREBS LLP
100 North Broadway, 14th Floor
St. Louis, MO 63102
(314) 231-6700, Fax: (314) 231-4656

Attorneys for Plaintiff Donald Wakefield

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>IGOR OLENICOFF and OLEN PROPERTIES CORP.,<br><br>Defendants | CASE NO.: SACV 12-2077-AG(RNBx)<br>*consol. with* SACV 17-1147-AG(DFMx)<br><br>**PLAINTIFF DONALD WAKEFIELD'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS IGOR OLENICOFF AND OLEN PROPERTIES CORP.**<br><br>Date: January 8, 2018<br>Time: 10:00 a.m.<br>Courtroom: 10D<br><br>Original Action Filed: Nov. 30, 2012<br>Second Action Filed: July 5, 2017<br>Final Pretrial Conf.: April 9, 2018<br>Trial Date: April 24, 2018<br><br>Assigned to Honorable Andrew Guilford, Courtroom 10D |

1

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as this matter may be heard in Courtroom 10D of the above-entitled court, located at Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, Plaintiff Donald Wakefield will, and hereby does, move for a Motion for Sanctions Against Defendants Igor Olenicoff And Olen Properties Corp.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, exhibits thereto and any other matters of which the Court may take judicial notice, other documents on file in this action and any oral arguments of counsel.

This Motion is made following conference of counsel pursuant to Local Rule 7.3, which took place over the course of November 15-22, 2017.

Good cause exists for this motion.

DATED: December 4, 2017

By:   /s/ *Gene J. Brockland*
Gene J. Brockland, p*ro hac vice*
Herzog Crebs LLP
100 North Broadway, 14th Floor
St. Louis, MO 63102
gjb@herzogcrebs.com
Telephone (314) 231-6700
&
Michael D. Kuznetsky
Kuznetsky Law Group
6565 Sunset Boulevard, Suite 311
Hollywood, CA 90028
mike@kuzlaw.com
Telephone (818) 753-2450

Attorneys for Plaintiff

2

WAKEFIELD'S NOTICE OF MOTION & MOTION FOR    CASE NO.: SACV 12-2077-AG(RNBx)
SANCTIONS AGAINST OLENICOFF & OLEN PROPERTIES    *consol. with* SACV 17-1147-AG(DFMx)

# TABLE OF CONTENTS

|     |     |                                                                                                                                            | Page |
|-----|-----|--------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.  |     | Procedural History..........................................................................................                              | 1    |
| II. |     | Legal Standard................................................................................................                            | 3    |
| III.|     | Argument........................................................................................................                          | 4    |
|     | A.  | The Olen Parties' Litigation Abuses and Perjury Merit Comprehensive, Meaningful Sanctions............................................      | 5    |
|     |     | 1. The Olen Parties completely failed to meet their discovery obligations............................................                      | 5    |
|     |     | 2. The Olen Parties committed perjury and defrauded Wakefield and the Court.........................................                       | 6    |
|     |     | 3. The Olen Parties' contrived excuses are not credible ...........                                                                        | 6    |
|     | B.  | Wakefield Is Entitled to Monetary, Procedural and Injunctive Relief ................................................................      | 7    |
|     |     | 1. The Olen Parties should be ordered to pay the reasonable attorneys' fees and expenses Wakefield has incurred but for their concealment of the Last Copy ............................... | 7    |
|     |     | 2. The Court should enter judgment on liability with respect to the Last Copy ..................................................          | 9    |
|     |     | 3. The Court should order procedural sanctions to prevent prejudice to Wakefield ........................................                  | 10   |
|     |     | 4. The Olen Parties should be ordered to credibly verify, at their own cost, the true extent of their infringement .........               | 11   |
| IV. |     | Conclusion......................................................................................................                          | 12   |

# TABLE OF AUTHORITIES

**Page**

*Apple, Inc. v. Samsung Elec., Co., Ltd.*, 881 F.Supp.2d 1132 (N.D. Cal. 2012) ....... 4

*Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644 (N.D. Cal. 2004) ................................................................................................ 5

*F.T.C. v. U.S. Homeowners Relief, Inc.*, No. 10-cv-01452-JST (PJWx), 2011 WL 6139676 (C.D. Cal. Oct. 21, 2011) ........................................................... 9

*Goodyear Tire & Rubber Co. v. Haeger*, --- U.S. ---, 137 S.Ct. 1178 (2017) .......... 6, 8

*Hill v. Eddie Bauer*, 242 F.R.D. 556 (C.D. Cal. 2007) ............................................. 5

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) .............................................. 3

*Loop Al Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG, 2017 WL 934599 (N.D. Cal. March 9, 2017) ........................................................................................ 4

*McDonald v. OneWest Bank, FSB*, 929 F.Supp.2d 1079 (W.D. Wash. 2013) .......... 5

*Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136 (W.D. Okla. 1977) ........................... 5

*Minemyer v. R-Box Rep., Inc.*, 283 F.R.D. 392 (N.D. Ill. 2012) ............................... 6

*Myhre v. Seventh-Day Adventist Church Reform Movement American Union Int'l Missionary Soc.*, No. 13-cv-02741-BAS, 2014 WL 2965046 (S.D. Cal. July 1, 2014) .............................................................................................. 5

*Olenicoff, et al v. UBS AG*, No. 08-cv-01029-AG (RNBx), 2012 WL 1192911 (C.D. Cal. Apr. 10, 2012) ........................................................................................ 11

*Pilling v. G.M. Corp.*, 45 F.R.D. 366 (D. Utah 1968) ............................................... 5

*Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir. 1995) ..................... 4

*Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978) ....................................... 6

*Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521 (9th Cir. 1997) ........................................................................................................ 9

*Thomas v. Cate*, 715 F.Supp.2d 1012 (E.D. Cal. 2012) ........................................... 5

*Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829 (9th Cir. 1986) .................. 3

*Unigard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363 (9th Cir. 1992) .................................................................................................... 4

*U.S. v. Olenicoff*, No. 8:07-cr-00227-CJC (C.D. Cal. Dec. 10, 2007) ....................... 11


**MEMORANDUM OF POINTS & AUTHORITIES**

Plaintiff Donald Wakefield ("Wakefield") moves this Court, pursuant to its inherent authority, to issue comprehensive and meaningful sanctions against Defendants Igor Olenicoff ("Olenicoff") and Olen Properties Corp. ("Olen") (collectively, the "Olen Parties") for their fraud upon the Court and upon Wakefield. Throughout discovery and the trial of Wakefield's initial action against them, the Olen Parties engaged in a collective, concerted effort to conceal the existence of an infringing copy of Wakefield's *Untitled*, and potentially more. The Olen Parties brazenly and repeatedly perjured themselves regarding the breadth of their infringement, which has resulted in Wakefield having to file an entirely new lawsuit against them.

The Olen Parties' misconduct was knowing, reckless and harmed the integrity of the judicial process. And it has continued even through their Answer to Wakefield's Amended Complaint in this suit (Dkt. 13) in which they deny allegations which have been proven true and assert a bevy of affirmative allegations with no factual basis. The Olen Parties' repeated lies and obstinacy merit comprehensive sanctions, including an award of Wakefield's attorneys' fees in this case, entering judgment on liability on the newly-filed case over the fraudulently concealed copy and ordering additional meaningful relief to ensure once and for all that the Olen Parties are not concealing even more infringement.

## I.     PROCEDURAL HISTORY

In November, 2012 Wakefield filed his initial claims against the Olen Parties based on their blatant – and now proven – infringement of his original copyrighted work, *Untitled* (the "2012 Action"). The case was brought based upon an infringing sculpture Wakefield initially discovered in April, 2008 (the "First Copy"), as well as six additional copies that he later discovered located at other Olen-controlled properties throughout Southern California (the "Next Six Copies").

Wakefield propounded substantial discovery in the 2012 Action with a mind to discover not only the facts and circumstances behind the Olen Parties' infringement of the First Copy and Next Six Copies, but also to discover what the ultimate breadth and extent of their infringement of *Untitled* was. In other words, did they have other knock-off copies of *Untitled* that he had not

rooted out on his own?

To answer this question, Wakefield issued specific, non-objectionable discovery requests to the Olen Parties. They included written interrogatories and requests for production, as well as taking the sworn deposition of Olenicoff, who testified personally and as a corporate representative for Olen Properties. *See* Declaration of G. Brockland, attached hereto, at ¶¶1-6. In the written interrogatories, Wakefield specifically asked the Olen Parties to state how many copies of *Untitled* had been acquired. *Id.* at ¶¶2-5. Wakefield also specifically asked the Olen Parties to identify each and every location at which a copy of *Untitled* was located. *Id.*

In response, Olenicoff swore on his own behalf that he had only acquired six infringing copies of *Untitled*, three entitled *A Tear Must Fall* and three entitled *Human Nature's Many Faces*, all of which Wakefield had already discovered. *Id.* Answering on behalf of Olen Properties, he doubled down. Under penalty of perjury, he again swore that only four copies of *Human Nature's Many Faces* and three copies of *A Tear Must Fall* were acquired, which comprised the First Copy and Next Six Copies that they were being sued upon. *Id.* He also swore in no uncertain terms that to the extent any copy of Wakefield's *Untitled* was located at an Olen-controlled location, "the sculptures are located at Olen Pointe Brea in Brea, CA, Century Centre in Irvine, CA and 7 Corporate Plaza in Newport Beach, CA." *Id.* In other words, Olenicoff took great care to only confirm the existence of the infringing sculptures Wakefield had already discovered.

Wakefield further inquired on these topics in deposing Olenicoff. *See* Brockland Decl., at ¶6. When asked how many infringing pieces he acquired, Olenicoff swore under penalty of perjury that he had commissioned the *Human Nature's Many Faces* copies and had them placed at only three locations: Olen's headquarters in Newport Beach, Century Centre and Olen Pointe-Brea – again the only locations discovered and identified by Wakefield. *Id.* He swore that they were never located at any other location. *Id.* Similarly, he swore that he commissioned the *A Tear Must Fall* copies and again, they were only placed at three locations: Olen's headquarters, Century Centre and Olen Pointe-Brea. *Id.*

In sum, in response to all of Wakefield's inquiries, under oath and subject to the penalties

of perjury, Olenicoff revealed only the existence and locations of the First Copy and the Next Six Copies – *the copies and locations Wakefield already knew about*.

These responses were knowingly and recklessly false. Following trial of the 2012 Action, in September, 2014 Wakefield discovered the existence of an additional infringing sculpture located at the Olen Parties' Two Venture Plaza location (the "Last Copy"). Neither this copy nor this location had been disclosed before. This Last Copy was concealed from Wakefield throughout the 2012 Action and in fact, was only discovered *by Wakefield himself* after the trial was completed. *See* Declaration of D. Wakefield, attached hereto, at ¶¶6-8.

Wakefield relied on these false and perjured responses in his conduct of trial and obtained an award of $450,000 in damages from the jury on the Next Six Copies.[1] Upon discovering the Last Copy, Wakefield promptly filed a Motion to Reopen Evidence to include the Last Copy in the 2012 Action. The Court denied this Motion on the grounds that*, inter alia*, the new evidence was not probative on its ruling on Wakefield's request for injunctive relief which was pending at the time because the Court's order would cover the Last Copy. Dkt. 120.

The Olen Parties repeatedly and purposefully lied in their discovery responses and concealed the existence of, at the very least, the Last Copy. In fact, Wakefield had to discover it on his own. The Olen Parties did not identify or reveal it to Wakefield. As a result, Wakefield had to bring an additional lawsuit against the Olen Parties based on their infringement of this Last Copy (the "2017 Action"), substantially wasting both party and judicial resources.

Even to this day, Wakefield has no credible assurance that this Last Copy is the full extent of the Olen parties' infringement. *See* Wakefield Decl., ¶11.

## II. LEGAL STANDARD

This Court has the inherent and implied power to sanction a party for bad faith litigation misconduct and abuses. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). Where appropriate, this can include the imposition of the sanction of default and/or entry of judgment. *See Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). Other sanctions

---

[1] Wakefield's claim on the First Copy was disposed of by the Court on summary judgment. However, that determination has been reversed and remanded and Wakefield's claim on the First Copy remains, which the Court consolidated with Wakefield's 2017 Action on the newly discovered Last Copy.

3

WAKEFIELD'S NOTICE OF MOTION & MOTION FOR SANCTIONS AGAINST OLENICOFF & OLEN PROPERTIES

CASE NO.: SACV 12-2077-AG(RNBx)
*consol. with* SACV 17-1147-AG(DFMx)

include awarding attorneys' fees and costs, excluding evidence and/or the Court fashioning additional relief it deems appropriate under the circumstances. *Apple, Inc. v. Samsung Elec., Co., Ltd.*, 881 F.Supp.2d 1132, 1136 (N.D. Cal. 2012).

"The Ninth Circuit has found bad faith in a variety of conduct stemming from a 'full range of litigation abuses.'" *Loop Al Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG, 2017 WL 934599, *14 (N.D. Cal. March 9, 2017) (internal citations omitted); *Unigard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368, n.2 (9th Cir. 1992). Fraud upon the Court "includes both attempts to subvert the integrity of the court and fraud by an officer of the court." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995).

### III. ARGUMENT

The Olen Parties' knowing concealment of the Last Copy – and potentially others – demands comprehensive and meaningful sanctions. Just as they fancied themselves above the law when they blatantly infringed Wakefield's copyright, they have maintained the same callous attitude before this Court in blatantly lying about it.

The facts are damning and indisputable. Upon suing the Olen Parties for copyright infringement on the First and Next Six Copies, Wakefield continued his investigation by propounding specific and targeted discovery to the Olen Parties to determine the full breadth of their infringement. As with any party litigant, in answering these discovery inquiries, the Olen Parties had a choice. They could investigate the question being asked to honor and follow the rules of discovery which govern the orderly administration of justice and tell the truth. Or, they could lie. The Olen Parties chose the latter, ostensibly to "cap" their exposure in the 2012 Action, admitting only to the infringement Wakefield already knew about. They hoped that the Court and Wakefield would never discover their separate infringement, which even to this day is not fully known.

But Wakefield did discover at least some of it, which is why the 2017 Action had to be filed. The Court should issue comprehensive sanctions against the Olen Parties. The sanctions should serve three important purposes: first, to compensate Wakefield and deter the Olen Parties from further litigation abuses in the 2017 Action; second, to prevent Wakefield from suffering

prejudice and the Olen Parties strategically benefiting from their concealment; and third, to once and for all provide Wakefield and the Court reasonable certainty that the Olen Parties have disclosed, and are held to account for, the full extent of their infringement.

**A.    The Olen Parties' Litigation Abuses and Perjury Merit Comprehensive, Meaningful Sanctions**

    **1.    The Olen Parties completely failed to meet their discovery obligations.**

The rules of discovery impose "a duty on the responding party to secure all information *available* to it." *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Int'l Missionary Soc.*, No. 13-cv-02741-BAS, 2014 WL 2965046, *10 (S.D. Cal. July 1, 2014) (emphasis provided); *see also Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007); *Thomas v. Cate*, 715 F.Supp.2d 1012, 1032 (E.D. Cal. 2012); *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004).

Parties have "an obligation to make a reasonable effort to locate all … information necessary to fully respond to discovery." *Myhre*, 2014 WL 2965046, at *10. They cannot "ignore information immediately available to [them] or under [their] control." *Pilling v. G.M. Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968); *see also Fresenius*, 224 F.R.D. at 657; *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977) ("The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control."). These obligations are "not optional…." *McDonald v. OneWest Bank, FSB*, 929 F.Supp.2d 1079, 1092 (W.D. Wash. 2013)

These obligations should be axiomatic to any party in litigation. However, they were completely lost on the Olen Parties. As demonstrated by Wakefield's Declaration, and not actually disputed by the Olen Parties, the Last Copy was prominently located and displayed at their Two Venture Plaza location. Wakefield Decl., ¶7. It sits immediately outside the front door of one of their office buildings. How much more "immediately available" does the existence of the Last Copy have to be? *See Pilling*, 45 F.R.D. at 369. The Last Copy and potentially others should have been disclosed. The Olen Parties did not even come close to meeting their

discovery obligations.

### 2. The Olen Parties committed perjury and defrauded Wakefield and the Court.

There is no sugar-coating what the Olen Parties did. It was not mere forgetfulness or lack of diligence. They perjured themselves. On multiple occasions. The rules of discovery require that answers to written interrogatories and deposition inquiries be provided under oath, under the penalty of perjury. This is not some archaic or formulaic requirement that exists just for the sake of it. It exists for the Courts to ensure the fair and equitable administration of the judicial system. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1345-46 (5th Cir. 1978) ("Our system of civil litigation cannot function if parties … suppress information called for upon discovery."); *Minemyer v. R-Box Rep., Inc.*, 283 F.R.D. 392, 397, n.10 (N.D. Ill. 2012) ("By requiring comprehensive and timely disclosure of relevant information, the Federal Rules of Civil Procedure seek to avoid the surprise and secrecy that are antithetical to the informed determination of cases of their merits.").

Instead of meeting their discovery obligations and disclosing the truth of the extent of their infringement, they chose an all-too-familiar path: perjury. The Court cannot and should take this lightly. The rules exist for a reason and the Olen Parties, believing themselves above the law, completely disregarded them. This is the precise situation for which the Court's inherent sanction authority exists. *See Goodyear Tire & Rubber Co. v. Haeger*, --- U.S. ---, 137 S.Ct. 1178, 1186 (2017).

### 3. The Olen Parties' contrived excuses are not credible.

Undoubtedly, the Olen Parties will trot out the same incredible excuses offered in response to Wakefield's Motion to Reopen. *See* 2012 Action, Dkt. 117. Specifically, they will argue and rely on Olenicoff's terse Declaration in which he claims to have "merely forgot[ten]" about the sculpture located at Two Venture Plaza because the original Complaint only referred to the First Copy and Next Six Copies. Dkt. 117-1. As Wakefield has demonstrated, this is simply not credible. At deposition, Olenicoff was asked point blank how many of the infringing sculptures he commissioned and where they were located. *See* Brockland Decl., ¶6. These

questions were not limited to only those sculptures listed in Wakefield's Complaint. *Id.* He was further asked if the sculptures had "ever been installed at a different location [than] they are now." *Id.* His answer was an unequivocal, and demonstrably untruthful, "no." *Id.* That is not mere forgetfulness. That is perjury.

Moreover, this excuse is simply implausible. To hear Olenicoff tell it, he conducted a good faith investigation of the Olen Parties' properties and holdings and simply overlooked this Last Copy. That is simply unbelievable. The Last Copy is a large, granite sculpture, which the Olen Parties prominently displayed in front of one of their large office buildings. It is neither unassuming nor inconspicuous. It is quite literally sitting right in front of the Olen Parties' eyes, in front of their property, in plain view. For them to suggest that this could be "overlooked" or "forgotten" as part of a dutiful investigation of the existence of additional infringing sculptures is insulting to the Court's and Wakefield's intelligence.

The Olen Parties may also re-hash their ludicrous argument that Wakefield should have been more diligent in his own investigation of their infringement. The Court can again dispense with this argument as it already has: "[c]oncerning diligence … Plaintiff need not scour all of Defendants' properties." 2012 Action, Dkt. 120. That remains the case today. Nothing has changed. The Olen Parties lied and they "should have disclosed the [Last Copy] during discovery." 2012 Action, Dkt. 120.

B. **Wakefield Is Entitled to Monetary, Procedural and Injunctive Relief.**

 1. **The Olen Parties should be ordered to pay the reasonable attorneys' fees and expenses Wakefield has incurred but for their concealment of the Last Copy.**

There is no dispute that but for the Olen Parties' concealment of the Last Copy, Wakefield's claim on that copy would have been tried to the jury in 2014 – and the jury's verdict in his favor (which likely would have been larger) would have provided him the relief he now belatedly must seek.

That did not happen. Instead, Wakefield discovered the Last Copy on his own after trial. He has already incurred significant attorneys' fees and costs as the result of the Olen Parties' concealment and his reliance on their perjury. Upon discovery, he immediately filed a Motion to

7

Reopen Evidence. *See* 2012 Action, Dkt. 114. This Court denied that Motion, but not because the Olen Parties were absolved or justified in their abusive conduct. *See* 2012 Action, Dkt. 120, p. 18 ("[The Olen Parties] should have disclosed this sculpture during discovery."). Rather, the Court concluded that because of the terms of its injunction, the potential future harm to Wakefield had already been remedied.[2] *Id.* at p. 20.

Now that the jury's verdict has been reinstated, Wakefield's claim for actual damages on the Last Copy remains to be tried, which will require significant attorneys' fees and expenses. But they should not be necessary. Had the Olen Parties simply told the truth and disclosed this Last Copy, Wakefield would have final judgment on claim. Therefore, the Court can and should sanction the Olen Parties financially and order them, upon final judgment of his claim on the Last Copy (and others, to the extent they are revealed) and regardless of the result, to pay all of Wakefield's attorneys' fees and costs associated therewith. The Supreme Court has recently made clear that sanctions for legal fees "must be compensatory rather than punitive in nature." *Goodyear*, 137 S.Ct. at 1186. That is exactly what Wakefield requests here: compensation for all attorneys' fees and costs he has had to incur (and will incur in the future) as a result of the Olen Parties' litigation abuse.[3] *Id.* Wakefield has demonstrated a causal link between the Olen Parties' concealment and litigation abuse and the attorneys' fees he seeks. *See id.* at 1186-87. But for the concealment, his Motion to Reopen and this present litigation would never have been filed or necessary. This sanction is appropriate and necessary. *Id.*

Therefore, Wakefield respectfully requests an Order of sanctions from the Court

---

[2] Wakefield notes that as it pertains to his future harm, this remains true. The injunctive relief entered by this Court, affirmed by the Ninth Circuit and which the Supreme Court denied certiorari upon, is now final. As the Court stated in no uncertain terms, its Order covers the Last Copy and requires its destruction. That said, Wakefield notes that he has not received any confirmation from the Olen Parties as of the date of this filing that the Last Copy has in fact been destroyed. Upon Wakefield's information and belief, the Olen Parties continue to infringe Wakefield's copyright, maintaining it on display at the Two Venture Plaza location to this very day.

[3] Wakefield further notes that these costs are already accruing at a heightened rate due to the Olen Parties' familiar bad faith litigation tactics. In fact, a Rule 11 Motion has been served on Defendants with respect to their baseless Answer & Affirmative Defenses. It is clear the Olen Parties, including the billionaire Olenicoff, see themselves in a financially advantageous position over Wakefield, the proverbial struggling artist, in his pursuit of yet another lawsuit on their infringement. This includes their counsel's admonishment that Defendants will procure an expert witness on damages for the trial on the Last Copy. An award of monetary sanctions will properly blunt any perceived advantage the Olen Parties have gained as a result of their concealment.

requiring the Olen Parties to compensate him for all attorneys' fees, costs and expenses incurred as a result of their concealment, the exact and total amount of which will be determined at the time Wakefield's claim on the Last Copy is finally determined.

### 2. The Court should enter judgment on liability with respect to the Last Copy.

Most notable as to the Olen Parties' response to Wakefield's Motion to Reopen in the 2012 Action is their non-denial that the Last Copy is, in fact, an infringement of Wakefield's copyright in *Untitled*. That is because it is an infringement, and, as the Court has determined, the terms of its permanent injunction require it to be destroyed. *See* 2012 Action, Dkt. 120.

Entry of judgment against a party as sanction for discovery misconduct is an appropriate remedy under the Court's inherent powers. In considering such a request, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions." *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) ("The first two of these factors favor imposition of sanctions in most cases, while the fourth cuts against a default of dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions."); *see also e.g., F.T.C. v. U.S. Homeowners Relief, Inc.*, No. 10-cv-01452-JST (PJWx), 2011 WL 6139676, *3 (C.D. Cal. Oct. 21, 2011).

Here, for reasons set forth above, all five factors cut in favor of an entry of judgment on liability. Factors (1) and (2) are undeniable. The 2012 Action was tried to verdict three years ago and Wakefield's claim on Last Copy could and should have been tried then. Requiring Wakefield to re-litigate the Olen Parties' liability on infringement, which they cannot credibly dispute, would be a waste of the Court's and the parties' resources. In fact, factor (4) also cuts in favor of Wakefield's request. The Olen Parties' liability for infringement *has already been disposed of on the merits*. There is no dispute that the Last Copy is a copy of *Untitled* and an exact replica of the other copies already determined by the jury.

Moreover, the "key" factors (3) and (5) also demand entry of judgment. As described at length herein, the prejudice to Wakefield in even having to maintain this claim on the Last Copy

is undeniable. It should have been tried to the jury three years ago and he should now be enjoying the benefits of judgment thereon now that it is final. Additionally, as explained below, if the Olen Parties are permitted to present a separate or different theory of defense on the Last Copy claim, Wakefield will be prejudiced even more. The Court and the jury have already spoken loudly and clearly to the Olen Parties, awarding actual damages and injunctive relief on the Next Six Copies, which are now both final. The Olen Parties lost on all fronts. Allowing them to re-fashion their defense on liability on the Last Copy would reward them for their concealment. This includes a second bite at the apple on damages, as Defendants have advised that they will procure a damages expert on the instant litigation despite declining to do so in the first trial. Such a result cannot stand. Finally, as to factor (5), there is no lesser sanction available to avoid the prejudice Wakefield will meet if the claim on the Last Copy is tried on liability. In fact, this request is a "less drastic" sanction than judgment on liability *and* damages, which Wakefield does not request.

In light of the foregoing, partial judgment on liability with respect to the Last Copy is an appropriate sanction which the Court is within its power to issue. Wakefield therefore requests the Court strike the Olen Parties' answer and affirmative defenses to the extent they deny liability for infringement on the Last Copy and enter partial judgment in Wakefield's favor on liability only.

**3. The Court should order procedural sanctions to prevent prejudice to Wakefield.**

Perhaps the greatest the harm posed to Wakefield by the Olen Parties' concealment is the procedural prejudice to his claim on the Last Copy. Wakefield is now required to separately try this claim, at least on damages, to a jury when it should have already been tried to jury in September, 2014, on which judgment would now be final. Wakefield is certainly prejudiced by the delay, fees and costs he has incurred as a result, but that is addressed separately above.

What is not addressed is the procedural advantage the Olen Parties may attempt to leverage as a result of their concealment. For example, counsel for the Olen Parties has suggested to the Court and to counsel for Wakefield that the Olen Parties may defend the claims

on the Last Copy differently than they did at trial in 2014, including hiring expert witnesses to support a different theory of defense or trial strategy.

This should not be allowed. The Olen Parties should not be permitted to cure their losing trial strategy due to their concealment. They should be required to defend on the Last Copy, at best, on the same terms and evidence available to them at the time of the 2014 trial.

Therefore, Wakefield requests the Court issue an additional procedural sanction against the Olen Parties, specifically precluding them from disclosing or relying on any expert witnesses or testimony not disclosed in the 2012 Action, and further precluding them from engaging in any costly discovery beyond the limited discovery necessary to Wakefield to investigate the facts and circumstances of the Last Copy and the existence of additional infringing sculptures. Allowing the Olen Parties to open the discovery bag back up in order to fix their otherwise poor trial strategy would severely prejudice Wakefield.

### 4. The Olen Parties should be ordered to credibly verify, at their own cost, the true extent of their infringement.

Five years after Wakefield filed the 2012 Action, there is still no credible evidence for Wakefield and the Court to verify that the Last Copy is indeed the last infringing copy of *Untitled* in the Olen Parties' possession. Predictably, the Olen Parties have attempted to cast their concealment as merely an oversight and ask the Court to rely on *even more sworn declarations* that the Last Copy really is the end of the infringement trail.

A liar is always lavish with oaths. At this point, the Olen Parties' declarations are not worth the paper they are printed on. Olenicoff, who swears for himself and Olen Properties Corp., is a serial perjurer. This is not the first, nor even the second time he has been caught lying by this Court. In addition to the several perjured statements described above, Olenicoff is a convicted felon stemming from willfully making false sworn statements under the penalty of perjury. *U.S. v. Olenicoff*, No. 8:07-cr-00227-CJC (C.D. Cal. Dec. 10, 2007). Separately, this Court has gone out of its way to state in forceful terms that Olenicoff engaged in coordinated and blatant lies in the discovery process, just as he has done here. *Olenicoff, et al v. UBS AG*, No. 08-cv-01029-AG (RNBx), 2012 WL 1192911, *14 (C.D. Cal. Apr. 10, 2012) ("Although it

is not this Court's job to make credibility determinations on summary judgment, this coordinated blatant lie does not go unnoticed."). So the Olen Parties will pardon everyone's incredulity at the notion of relying upon his sworn statements at this stage.

To once and for all determine how much the Olen Parties infringed Wakefield's copyright, a third-party investigation and verification is necessary. Olenicoff simply cannot be trusted. Wakefield respectfully requests that the Court, in its discretion, order the following. First, the Olen Parties should be ordered to produce a verified list of all commercial and residential properties owned or controlled by Olen Properties and all properties owned or controlled by Olenicoff. The truthfulness and completeness of this list should be sworn to by Olenicoff as well as a separate corporate representative for Olen Properties whose propensity to lie to this Court has not been so demonstrably proven as Olenicoff's has. Upon receipt of this list, Wakefield should be permitted to identify a third-party investigator who will have authority and be ordered to visit each property identified, to inspect the exterior and public interior areas of each, and to investigate, identify and determine the existence of any additional infringing works located thereon. The investigator will then produce a report which Wakefield will file with the Court evidencing the findings. Finally, the Olen Parties should be ordered to pay for all of the costs and expenses of this investigation.

Wakefield acknowledges that this may not be the perfect remedy. For example, given the Olen Parties' prior dishonest and duplicitous litigation abuses, they may attempt hide additional infringing sculptures during this process to cover up their lies. However, the alternative is to simply rely on Olenicoff's representations to the Court, which he has proven over and over again to be completely unreliable. An order requiring a third-party's verification is the best option available to have reasonable certainty that the Olen Parties are telling the truth going forward and it serves judicial economy to avoid the parties being back here again for additional lawsuits based on potentially more undisclosed copies.

### IV. CONCLUSION

The Olen Parties' concealment of the Last Copy, and potentially others, is undisputed, egregious and in clear violation of their obligations under the Rules of discovery. The Court is

well within its discretion to award the above requested sanctions to compensate Wakefield for the Olen Parties' litigation abuses, deter them from further misconduct, to prevent prejudice to Wakefield and to once and for all provide Wakefield and the Court certainty with respect to the extent of the infringement.

Wakefield respectfully requests an award of these sanctions, as well as any other sanctions the Court deems appropriate under the circumstances.

DATED: December 4, 2017         By:   /s/ *Gene J. Brockland*
                                      Gene J. Brockland, p*ro hac vice*
                                      Herzog Crebs LLP
                                      100 North Broadway, 14th Floor
                                      St. Louis, MO  63102
                                      gjb@herzogcrebs.com
                                      Telephone (314) 231-6700
                                              &
                                      Michael D. Kuznetsky
                                      Kuznetsky Law Group
                                      6565 Sunset Boulevard, Suite 311
                                      Hollywood, CA  90028
                                      mike@kuzlaw.com
                                      Telephone (818) 753-2450

                                      Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document described as Plaintiff Donald Wakefield's Notice of Motion and Motion for Sanctions Against Defendants Igor Olenicoff and Olen Properties Corp. with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on December 4, 2017.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Gene J. Brockland*
Gene J. Brockland