William L. Buus (Bar No. 180059)
SCHIFFER & BUUS APC
959 South Coast Dr., Suite 385
Costa Mesa, California 92626
Telephone: (949)825-6140
Email: wbuus@schifferbuus.com

Julie A. Ault, Esq. (Bar No. 186914)
Leslie Vandale, Esq. (Bar No. 238823)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.: (949) 719-7212
Fax: (949) 719-7210
Email: jault@olenproperties.com

Attorneys for Defendants.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP., and Does 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 8:17-cv-01147- AG (DFMx)<br>*consol. with*: 8:17-cv-2077-AG (RNBx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Date: January 8, 2018<br>Time: 10:00 a.m.<br>Ctrm: 10D<br><br>Complaint Filed: November 30, 2012]<br>Second Complaint filed: July 5, 2017<br>Final Pretrial Conf. April 9, 2018<br>Trial: April 24, 2019 |

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

Defendants Igor Olenicoff and Olen Properties Corp. ("Defendants") hereby submit their Opposition to Plaintiff's Motion for Sanctions as follows:

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............ 1

II. TIMELINE OF EVENTS ............ 6

III. THERE IS NO FACTUAL BASIS TO SUPPORT THE ACCUSATIONS OF LITIGATION ABUSE OR PERJURY ............ 4

A. The 2 Venture Sculpture's Background ............ 4

B. Discovery in the Original Matter ............ 5

C. Improper Character Evidence ............ 6

IV. THERE IS NO LEGAL AUTHORITY TO SUPPORT PLAINTIFF'S DEMAND FOR MONETARY, PROCEDUREAL AND INJUNCTIVE RELIEF ............ 8

A. Plaintiff Has Not Brought a Motion for Any Type of Relief to Which He Is Entitled ............ 8

B. There is No Evidence of a Fraud upon the Court ............ 9

C. The Proper Motion for a Judgment in Favor of Plaintiff is Not Before This Court ............ 10

D. There is No Authority for an Award of Attorney's Fees to Wakefield ............ 11

V. CONCLUSION ............ 13

## TABLE OF AUTHORITIES

**Federal Cases** Page

*Apple, Inc. v. Samsung Elec.Co., Ltd.*, 881 F.Supp.2d 1132, 1136 (N.D. Cal. 2012) ....................12

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1190 (2017)).................12

*Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)....................12

*Loop Al Labs, Inc. v. Gatti* 2017 WL934599, *14 (N.D. Cal. March 9, 2017) ....................12

*Pumphrey v. K.W. Thompson Tool Co.* 62 F.3d 1128, 1131 (9th Cir. 1995)....................13

*Sidhu v. Flecto Co.* 279 F.3d 896, 900 (9th Cir. 2002) ....................9

*Thompson v. Hous. Auth. of City of L.A.* 782 F.2d 829, 831 (9th Cir. 1986) ....................12

*Unigard Sec. Ins. Co. v.Lakewood Eng. & Mfg. Corp.* 982 F.2d 363, 368, n.2 (9th Cir. 1992) ....................12

**Federal Rules**

Fed R. Civ. Proc. 37....................8

Fed R. Civ. Proc. 60....................9

Fed R. Civ. Proc. 56....................10

Fed R. Civ. Proc. 56(c)(1)(A) ....................10

Fed R. Civ. Proc. 56(c)(1)(B) ....................10

Fed. R. Evid. 609 ....................7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The Plaintiff's Motion for Sanctions against Defendants Igor Olenicoff ("Olenicoff") and Olen Properties Corp. ("Olen") (and at times collectively referred to as "The Olen Parties") is the very first pleading presented to this Court by Plaintiff Donald Wakefield ("Wakefield") after the filing of the instant Complaint in this action in July 2017 ("2 Venture Matter"). Despite this being the first motion presented in the 2 Venture Matter, the motion requests this court make exhaustive and case terminating findings against the Olen parties that are typically only the result of a Motion for Discovery Sanctions, a Motion for Terminating Sanctions, a Motion for Summary Judgment or a Motion for Attorney Fees to a prevailing party after trial. Without *any* discovery having been propounded by Plaintiff in this matter, not one motion seeking court intervention in any impasse between the parties in this matter or the Original Matter, no issuance of prior court orders to the Olen Parties which were subsequently ignored, nor the presentation by plaintiff of *any* evidence whatsoever with the required due process allowed to the Olen Parties to present a meritorious defense to the matter, Wakefield abruptly moves this court for a finding that the Defendants are not entitled to participate in discovery nor present defenses at trial, and even further astoundingly requests that Plaintiff be declared the prevailing party on liability and be immediately awarded attorney fees and costs to which it is not entitled by any statute or contract, no matter the outcome at trial.

Further, the Plaintiff asks this Court to appoint an investigator at the cost of the Olen Parties to act as a sort of 'copyright policing agent' to take care of Wakefield's copyright enforcement. In short, this Plaintiff is requesting this court skip the hassle of the due process and civil procedure afforded every defendant in every matter before this Court, based solely upon the highly inflammatory conclusions of counsel for Wakefield.

There exists no factual or legal basis to support Wakefield's motion for these far reaching sanctions, and therefore, the motion must be denied in its entirety.

## II. TIMELINE OF EVENTS

Given the long procedural history which preceded the instant motion, a timeline of events will provide clarity in analyzing the requests before the Court.

**April 2008**- Wakefield discovers 'Untitled' in the yard at the Olen Properties headquarters in Newport Beach. Wakefield is advised by Olen representative on site that the piece is not his, as it is from a Chinese artist from whom the Olen Parties purchased the piece.

**2010**- Wakefield discovers 6 other sculptures which resemble 'Untitled' or a derivative thereof at other Olen controlled properties.

**July 2011**- Wakefield and Glickman register for a copyright for a drawing of 'Untitled.'

**September 2012**- Wakefield signs an agreement with Glickman to assign the right to sue to enforce the copyright of 'Untitled' drawing to Wakefield. Wakefield is to share any proceeds of lawsuit with Glickman.

**November 2012**- Wakefield sues the Olen Parties for copyright infringement (the "Original Matter") alleging the Olen Parties were displaying seven sculptures at Olen controlled buildings in Newport Beach, Irvine and Brea, California. Wakefield claimed damages in the form of actual damages, indirect profits from the operations of these commercial buildings, as well as injunctive relief pertaining to the unauthorized use of the copyright for 'Untitled'. The sculpture located at the Olen headquarters in 2008 was excluded from the trial based upon the statute of limitations. The Court denied indirect profits as a form of damages.

**May 2014**- Trial occurs in the Original Matter. The jury awards Wakefield $450,000 in damages for the diminution in value to his copyright by the unauthorized use by the

Olen Parties. The Court issued injunctive relief ordering all infringing pieces of 'Untitled' be removed from display and either delivered to Wakefield or destroyed.

**March 2015**- The Court granted the Olen Parties' Motion for Judgment as a Matter of Law to set aside the jury award of $450,000 in damages on the basis that the evidence presented at trial did not support the verdict and that both monetary damages and injunctive relief could not be awarded to Wakefield.

**October 2014**- Wakefield brings motion to reopen evidence to assert that an additional sculpture of 'Untitled' was on display at 2 Venture in Irvine, California. The Court denies Wakefield's motion to reopen evidence as the court has already issued an injunction against the Olen Parties ordering all infringing sculptures be removed from display and either delivered to Wakefield or destroyed. The 2 Venture piece was included in the injunction already in place; therefore, no additional relief could be afforded. *See* Original Matter, Dkt. 114 and 120

**July 6, 2015**- Final judgment is entered in the Original matter for injunctive relief.

**April 2015**- Wakefield appeals Court's ruling on Judgment as a Matter of Law setting aside the jury's verdict for monetary damages, the ruling on the motion for summary judgment, and the denial of indirect profits as a measure of damages.

**March 2017**- The Court of Appeal overturns Court's ruling setting aside the jury verdict for monetary damages, summary judgment as to the sculpture at the Olen headquarters, but upholds the Court's decision as to indirect profits as a measure of damages. Appellate Court orders the Original Matter remanded to this Court for a trial as to any damages relating to the sculpture at Olen headquarters. Judgment is entered as of June 5, 2017.

**July 2017**- After Wakefield refuses to accept delivery of the 'Untitled' sculptures, the Olen Parties remove all sculptures of 'Untitled' and derivative pieces from all Olen controlled properties, including the Olen headquarters and 2 Venture locations and pieces are destroyed.

**July 2017** – Wakefield files 2 Venture Matter alleging copyright infringement, contributory copyright infringement and vicarious copyright infringement and requests actual damages and a preliminary and permanent injunction regarding Wakefield's rights in his copyright for the drawing of 'Untitled' by enjoining the Olen parties from directly or indirectly infringing, as well as an order to destroy or alternatively deliver possession of all copies to Plaintiff.

**October 2017**- With all appeals exhausted, the Olen Parties make payment in full with interest to Wakefield on the reinstated jury verdict for damages incurred to Wakefield's copyright in the total amount of $451,730.47.

## III. THERE IS NO FACTUAL BASIS TO SUPPORT THE ACCUSATIONS OF LITIGATION ABUSE OR PERJURY

### A. The 2 Venture Sculpture's Background

Though Wakefield's motion goes on for thirteen pages in his attempt to provide a factual basis for the issuance of a set of extreme sanctions against the Olen Parties, the sole factual basis that applies to the 2 Venture sculpture at issue in the 2 Venture Matter is the fact that the Olen Parties did not specifically include this piece in the discovery responses in the Original Matter. This is a fact that all of the parties and this Court have been aware of since Wakefield's unsuccessful motion to reopen evidence in the Original Matter in October, 2014. While it is unfortunate that the Olen Parties were unaware of the exact number and location of the pieces of art sold to them by the Chinese artist through its dealer, at no time was there any effort by anyone at the Olen Parties to hide the location of the 2 Venture piece, which in fact was located at the entryway of a multi-story commercial building in Irvine in plain sight throughout the pendency of the Original Matter.

As sinister as Wakefield attempts to characterize the chain of events, the true facts are that Mr. Olenicoff originally ordered the piece entitled 'Human Natures Many Faces' and the derivative work years prior to 2008. By the time Original Matter was filed by

Wakefield four years after he discovered 'Untitled' at the Olen headquarters, the sculptures had been delivered and placed at various locations at Olen controlled properties to simply add to an existing vast collection of artwork, including the 2 Venture piece. The pieces ordered from China were received in various shipments, there were numerous complications after the orders were placed, and at times the shipments contained less items than expected or alternate pieces that were not even ordered. In short, the delivery of the sculptures was entirely disorganized. Neither Olen nor Olenicoff maintained any records of what items were received from China or the locations where the sculptures were installed, as these pieces, like all the others in the Olen collection, were simply not a prominent part of the business operations of Olen. Olen has artwork and sculptures at nearly every property in its portfolio which includes over six million square feet of office space. Additionally, there are hundreds of pieces of artwork and sculptures at the Olen headquarters. The Olen art collection pieces were acquired and placed over the last five decades to satisfy the personal passion for art of Olen's founder, Olenicoff, and not for any commercial purpose. Olen does not maintain any inventory of the artwork or sculptures in this extensive collection. (Declaration of Olenicoff)

**B. Discovery in the Original Matter**

During discovery in the Original Matter, Olenicoff clearly expressed to Wakefield's counsel during his deposition that he did not recall how many pieces of 'Untitled' had been ordered or received from China:

> Q: How many copies of "Human Nature's Many Faces" were purchased by Realty Services Corp.?
> A: I honestly don't recall. Three, four. Something like that. (See Declaration of Julie Ault, Exhibit A, Deposition of Olenicoff, Pg. 63, Ln 4-7)

Further the responses to special interrogatories which were provided by the Olen Parties in the Original Matter reported an inconsistency in the number of each of the

pieces that Olenicoff and Olen believed existed of 'Human Natures Many Faces." Olenicoff reported that three pieces existed, while Olen's responses to special interrogatories indicated that four sculptures of "Human Natures Many Faces" existed. (See Declaration of Julie Ault, Exhibit B and C) At no time during the Original Matter did Plaintiff seek to compel *any* additional information regarding the Olen Parties knowledge, *or lack thereof*, regarding the exact number of pieces received from China, despite the fact that clearly the Olen Parties were close on the count, but not entirely sure. Had any further inquiry been done by Wakefield on this issue, the Olen Parties would have informed him that there are no business records at Olen, or kept personally by Olenicoff, to verify the exact number or location of the "Human Nature's Many Faces" sculpture and the responses provided in discovery were based solely upon the memory of the individuals involved and interviews with existing operational staff.

This lack of internal inventory records on the part of the Olen Parties regarding pieces of artwork purchased from China and received prior to any threat of litigation whatsoever does not constitute bad faith or abusive discovery practices, and definitely not perjury.

**C. Improper Character Evidence**

The only other factual basis provided by Wakefield in the instant motion to support a finding that the Olen Parties acted improperly and sanctions are warranted is by reference to an entirely unrelated criminal matter wherein Olenicoff entered into a plea agreement and was sentenced in April 2008 regarding his personal tax return, [1] and a quote to the words of ***this Court*** in a ruling on a motion for summary judgment in an

---

[1] Wakefield lists the Olenicoff criminal action caption in its table of authorities. The table of authorities or works cited is intended to properly reference legal authority for the motion. This case may not be properly cited as case precedent for the relief sought herein.

entirely unrelated matter from 2012. These references to other litigation, not involving Wakefield nor related to the 2 Venture sculpture, are nothing more than an improper attempt by Wakefield to seize on this character evidence to anticipatorily cast doubt on testimony by Olenicoff at trial in this matter. *Federal Rule of Evidence* 609(b) clearly provides that a criminal conviction of a witness at trial may be excluded from evidence for criminal actions ten years or older "(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." *Fed. R. Evid*. 609 Wakefield is asking this Court to make a determination that the Olen Parties have committed litigation abuses, perjury, and have not and cannot testify truthfully before this court in this unorthodox, premature and far reaching motion all in a transparent effort to make the most of this character evidence before the opportunity is prevented by the Federal Rules at the time of trial.

Lastly, Wakefield attempts to substantiate the current request for sanctions by pulling a quote from a summary judgment ruling *in a different case before this court in 2012*, taken entirely out of context and pertaining to witnesses which testified in that matter that have absolutely no connection whatsoever to either this matter or the Original Matter to factually support a current finding that the Olen Parties have committed a fraud upon this court and harmed Wakefield. While the extrapolation from wholly unrelated witnesses, circumstances, and the Court's impressions from many years ago is a novel attempt to actually have this Court become a witness in this matter, it simply demonstrates that Plaintiff <u>has no actual facts with a nexus to the 2 Venture Matter</u> with which to support this motion.

///
///
///

## IV. THERE IS NO LEGAL AUTHORITY TO SUPPORT PLAINTIFF'S DEMAND FOR MONETARY, PROCEDUREAL AND INJUNCTIVE RELIEF

### A. Plaintiff Has Not Brought a Motion for Any Type of Relief to Which He Is Entitled

The *Federal Rules of Civil Procedure* provide litigants with a host of requirements placed upon each party and a method for an aggrieved party to seek relief from the Court when an opposing party fails to fulfill the requirements under the governing Rules and causes harm within the litigation. For example, when a party fails to provide adequate responses in discovery, an aggrieved party may bring a Motion to Compel Disclosure or Discovery under *Federal Rules of Civil Procedure 37*. Under Rule 37, a party may seek an order from the Court compelling the other party if they fail to make a disclosure under Rule 26(a), fail to answer a question asked under Rule 30 or 31, fail to answer an interrogatory under Rule 33, fail to produce documents under Rule 34, or provides an evasive or incomplete response. Rule 37(b) governs the procedure for sanctions when a party fails to comply with a court order pertaining to discovery, and in each instance provides the allegedly offending party the opportunity to be heard in response to allegations it has failed in its obligations. Noticeably, Wakefield has not brought a motion under *Federal Rules of Civil Procedure* 37 because there are <u>no facts</u> to support a motion to compel a response by the Olen Parties, or to support the issuance of sanctions for a prior failure to obey a discovery related order. Had the Olen Parties been previously moved to compel additional response to discovery, or been ordered to provide additional testimony, or had the deficiency of a response in discovery been raised in any way as an issue before this Court, the Olen Parties would have been afforded the required opportunity to be heard to provide the very simple explanation as to why they were unaware of the display of the sculpture at 2 Corporate until it was raised by Plaintiff.

Without any prior hearings on this issue, the conclusions reached in the instant motion and the harsh sanctions requested herein are simply unsubstantiated.

**B. There is No Evidence of a Fraud upon the Court**

Typically a party asserting fraud or abusive litigation tactics would bring a motion under *Federal Rules of Civil Procedure* 60 in the case where a party has suffered harm by an improper final judgment or other order due to an active misrepresentation by the opposing party. Rule 60 provides,

> Grounds for Relief from a Final Judgment, Order, or Proceeding**.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: …..**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. (*Fed. R. Civ.P.* 60)

Again, Wakefield has not proceeded under Rule 60 because (a) there is no evidence of fraud on the part of the Olen Parties and (b) Wakefield has not suffered harm as he was the ultimately the prevailing party in the Original Matter.

In the original matter, the Court awarded Wakefield the **exact same** injunctive relief regarding his copyright of the image of "Untitled" that he now seeks from the Court in the 2 Venture Matter. Pursuit of the 2 Venture lawsuit as to Wakefield's claim for injunctive relief is subject to the doctrine of res judicata and therefore no additional relief is available to the Plaintiff. Res judicata applies when the earlier suit: (1) reached a final judgment on the merits; (2) involved the same cause of action or claim; and (3) involved identical parties or privies. *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002). It is unclear to the Olen Parties why they are being made to answer to the exact same claim for relief that was already prayed for by Plaintiff over five years ago in the Original Matter, and also required to defend against a sanction motion arising out of Plaintiff's choice to litigate the same issue a second time.

Secondly, the jury awarded Wakefield $450,000 in damages for the diminution in value to his copyright for the unauthorized use alleged by the Olen Parties, for which he has been paid in full. The jury in the Original matter did not find that Wakefield was entitled to any particular damages *per piece* purchased by the Olen Parties. This was not a case typically seen in infringement, where the infringing party has made a profit to be disgorged or cost the plaintiff to lose a sale of a piece which he typically sold. Wakefield has never sold “Untitled,” and the damages awarded at trial were for the diminution in value of his copyright. Wakefield therefore has suffered no damages as a result of the 2 Venture sculpture inadvertently having been left off the list of sculptures displayed in the Original Matter.

**C. The Proper Motion for a Judgment in Favor of Plaintiff is Not Before This Court**

A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. *Fed. R. Civ.P*. 56. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* The court should state on the record the reasons for granting or denying the motion. The instant motion does not comply with Rule 56. Rather, the motion before this court requests a finding in favor of Plaintiff on the issue of liability *without* requiring Plaintiff to comply with the mandate of Rule 56 that each assertion is supported by admissible evidence --by citing to particular materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. *Fed. R. Civ.P*. 56 (c)(1)(A). Rule 56 also requires the moving party to demonstrate that the cited materials do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to demonstrate a disputed fact. *Fed. R. Civ.P*. 56 (c)(1)(B). These strict procedural requirements to obtain judgment are in

place to ensure a high standard of evidence required before depriving a party from its right to a trial on the merits.

Had Wakefield followed the required civil procedure to present evidence to this court to support his allegation that there is no triable issue of fact, the Olen Parties would have been afforded the opportunity to provide opposing facts demonstrating that a triable issue of fact exists; such as the fact that Wakefield's claims as to the 2 Venture piece may now be barred by the statute of limitations, that the infringement alleged by Wakefield has already been adjudicated in the Original Matter, or that the display by the Olen Parties of the previously unsold image of "Untitled" may have actually served to increase the value of Wakefield's copyright. The Olen Parties are entitled to present a defense under the *Federal Rules of Civil Procedure* using the methods described therein.

**D. There is No Authority for an Award of Attorney's Fees to Wakefield**

Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process. And one permissible sanction is an assessment of attorney's fees—an order instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side. The United States Supreme Court has made clear that such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. In other words, a fee award may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior. To level that kind of separate penalty, a court would need to provide procedural guarantees applicable in criminal cases, such as a "beyond a reasonable doubt" standard of proof. When those criminal-type protections are missing, a court's shifting of fees is limited to reimbursing the victim. That means, pretty much by definition, that a court can shift only those

attorney's fees incurred because of the misconduct at issue. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1190 (2017).

  Wakefield petitions this Court to sanction the Olen Parties for attorney's fees immediately "…regardless of the result, to pay all of Wakefield's attorneys' fees and costs associated herewith." (Motion for Sanctions, Pg. 8)  While unclear since the request indicates that Wakefield will quantify this fees and costs demand after trial, it does appear that Wakefield is requesting this court penalize the Olen Parties for the unsupported perception that the Olen Parties have victimized Wakefield by the inadvertent lack of knowledge of the location of the 2 Venture sculpture. The result would reward him with a windfall of his attorney fees and costs, for which there is neither a statutory nor contractual right in this action.

  The legal authorities cited throughout Wakefield's motion simply do not stand for the proposition that **any** of the sanctions requested herein are available to Plaintiff let alone an award of attorney fees in his favor. *See, Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (defendant granted a motion to dismiss for spoliation of evidence by Plaintiff's intentional and willful deletion of thousands of electronic files in a wrongful termination action); s*ee, Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (dismissal of action after failure to comply with court orders, repeated violation of pretrial order and court rules); *Apple, Inc. v. Samsung Elec.Co., Ltd.*, 881 F.Supp.2d 1132, 1136 (N.D. Cal. 2012) (award of adverse jury instruction after a finding of spoliation of evidence for failure by large corporation to take adequate steps to disable deletion of emails); *Loop Al Labs, Inc. v. Gatti*, 2017 WL934599, *14 (N.D. Cal. March 9, 2017)(terminating sanctions awarded under FRCP Rule 37(b) motion finding based upon obstructing discovery, flagrant disregard for court's authority and inability of counsel to meet the most basic professional obligations); *Unigard Sec. Ins. Co. v.Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368, n.2 (9th Cir. 1992) (finding of spoliation and destruction of evidence resulted in prejudice to defendant's ability to

present a defense); and *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995)(setting aside verdict after finding counsel participated in a scheme to defraud court by intentionally not producing video which showed that a gun fired when the safety was on, the exact basis of the plaintiff's wrongful death claim).

In the present action, Plaintiff has a single fact of purported wrongdoing by Defendants: that the Olen Parties were unaware of the 2 Venture piece during the pendency of the Original Matter. This singular fact in no way compares to the level of bad faith and highly prejudicial actions which resulted in the various sanctions awarded in the cases cited by Wakefield. None of those cases provides authority for this Court to issue the far reaching sanctions sought against the Olen Parties. There are no cases cited that are on point with the facts herein, because none exist which would authorize such extreme penalties under these circumstances.

## V.   CONCLUSION

Wakefield has not cited to any cases that authorize an award of attorney fees and costs without any violation of court order, or that would support procedural sanctions such as a liability determination in his favor. Wakefield has not followed any discovery related motion procedure that would preclude the Olen Parties from participating in discovery in this matter or support for an order of issue preclusion, nor any authority authorizing affirmative injunctive relief to investigate vague speculative theories of potential future infringement to assuage Plaintiff's fears.

Plaintiff provides no independent basis for an award of attorney fees and costs in his favor for this suit and fails to follow the *Federal Rule of Civil Procedure* in seeking his requested relief.  In essence, he asks the Court to prohibit the Olen Parties' right due process to which every litigant is entitled. Wakefield has not provided any evidence of prejudice by the actions of the Olen Parties, but rather sits in the position of having been already fully compensated monetarily and further has already been awarded the injunctive relief he now again prays for in the 2 Venture complaint. Having failed to

provide factual or legal support for its motion, the Plaintiff's motion should be denied in its entirety.

Respectfully submitted,

Dated: December 18, 2017

By: ___*/s/ Julie A. Ault* ______________

WILLIAM L. BUUS
JULIE A. AULT
LESLIE F. VANDALE
Attorneys for Defendants